THE STATE *v.* JOSEPH COLWELL.

To render admissible the testimony of a witness, who admits that independently of a written memorandum, he has no recollection of the subject of inquiry, *Semble*, that it is sufficient that he testify that he made the memorandum, and knew it was true when he made it.

THIS was a motion for a new trial of an appeal from a judgment and sentence of the Court of Magistrates of the city of Providence, on the 6th of July, 1854, upon a complaint for selling or suffering to be sold strong liquors contrary to law, on the 30th day of June, 1854. At the trial of the appeal in the Court of Common Pleas, one Amos Palmer was called as a witness for the government, and testified as follows:—"Defendant was there: can't exactly state the day without looking at my papers. Shall be obliged to swear from my memorandum. Set it down, to remember the time. Bought one glass of gin. Frequently been there before. Should not recollect, except from my paper. I recollect I was there, somewhere about that time. I think of Colwell, at the Hoyle Hotel. Do not recollect facts from my memory. When I made this memorandum it was true. I think now it was. Do not now recollect. Can't say that I now remember that the facts stated in memoran-

dum were true at the time I made the memorandum. I suppose they were. Made the memorandum day or two after Court below. Had it ever since. Should not have known about the day had it not been from that paper." The counsel for the defendant objected to the witness being allowed to use the memorandum, or to the testimony being allowed to pass to the jury, because the witness neither swore that looking at the memorandum his memory was refreshed so that he could remember the day, independently of the memorandum, nor that he saw the paper while the facts were fresh in his memory, and now remembers that the facts therein stated were true. This objection the Court overruled, and the testimony passed to the jury. The defendant was found guilty, and this motion for a new trial is made, upon exceptions allowed to the said ruling.

*Hart,* for defendant, cited 1 Greenleaf's Ev. secs. 437–8, and 1 Phil. and Am. on Evidence, 831 (note).

*Robinson, Attorney General,* for the State.

STAPLES, C. J. The witness whose testimony was excepted to, stated distinctly, that after examining the memorandum made by him as to the day on which the sale was made, his memory was not so refreshed that he could then swear from his memory that the sale took place on that day. Had the testimony stopped here, it ought not to have passed to the jury: but as the witness went further, and producing his memorandum, testified that when he made it it was true, he supposed it was, he knew it was, there seems to be no reason for excluding the testimony from the jury. If testimony of this kind

is to be rejected, one of the principal objects of making memorandums of this kind will be entirely lost. Most people, after committing a fact to writing as a memorial of it, dismiss the matter from their recollections, and cease to remember or to try to remember it, trusting to the memorandum so made. And when the memorandum is produced, all they can say is, that they made it and knew it was true when it was made. Such occurrences are frequent in the technical proof of the execution of old deeds and wills, and unless admitted, many of the most important muniments of title to property would be lost, and that by taking means to preserve them.

The exceptions of the defendant are therefore overruled.